# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EMMANUEL E. SEWELL      *

     Plaintiff      *

         v      *      Civil Action No. DKC-11-1094

WARDEN      *

     Defendant      *

         ***

## <u>MEMORANDUM OPINION</u>

On May 5, 2011, the court directed Plaintiff to supplement the above-captioned case and provided forms for that purpose. ECF No. 2. Plaintiff filed an Amended Complaint on May 16, 2011, accompanied by a Motion for Leave to Proceed in Forma Pauperis and a Motion for Appointment of Counsel. ECF No. 3, 4, and 5. Given the absence of any account activity in his prison account, Plaintiff's Motion to Proceed in Forma Pauperis shall be granted. *See* ECF No. 8.

In his amended complaint,[1] Plaintiff presents two factually disparate claims. Plaintiff first claims his constitutional rights were violated in the context of a criminal prosecution that arose out of a use-of-force incident occurring on April 2, 2008. Plaintiff alleges that a criminal prosecution for assaulting a correctional officer, Brian Romines, was initiated against him, and a *nolle prosequi* was entered on August 22, 2008, in light of the fact that the officer did not suffer an injury. ECF No. 3 at Ex. B, p. 4. Plaintiff claims after the *nolle prosequi* was entered, Romines filed another report changing his story to state that Plaintiff struck him with his fist and

---

[1] The amendment consists of a four-page civil rights complaint accompanied by hundreds of pages of exhibits, most of which are not referenced in the claims raised. ECF No. 3, Ex. A and B; ECF No. 6 and 7. Many of the exhibits date back to incidents that occurred in 2005 which are clearly time-barred. See ECF No. 7. The discernible claims raised are not clearly or succinctly stated as required by Fed. R. Civ. Proc. 8(a). ECF No. 3 at Ex. B. This court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981).

the case was transferred to the Circuit Court for Somerset County. Plaintiff states that after Judge Daniel M. Long granted a motion to dismiss the charges on March 2, 2009, Romines again filed another report stating that Plaintiff stepped toward him, bumped him with his chest, struck Romines with his right fist, cursed him, and made a threat to kill him. *Id*. at p. 5. Plaintiff states that on August 10, 2009, District Court Judge Paula Ann Price dismissed the case with prejudice.

This claim was previously raised in this court unsuccessfully. ECF No. 3 at Ex. B, p. 4; *see also Sewell v. Rowley et al.*, Civ. Action DKC-08-1027 (D. Md.). Plaintiff states this court should reconsider the facts in Civil Action DKC-08-1027 in light of the conduct involved during the attempted criminal prosecution. He further states he believes his federal rights were violated by malicious prosecution, abuse of process, and intentional misconduct. *Id*.

Next, Plaintiff reiterates more of the facts as alleged in Civil Action DKC-08-1027, and claims again that his transfer to North Branch Correctional Institution (NBCI) was retaliatory, the strip search he endured was unconstitutional, and the conditions of his segregation confinement were cruel and unusual. ECF No. 3 at Ex. B, pp. 5 – 10. Plaintiff states he filed a complaint with the Inmate Grievance Office (IGO) concerning his claim that Warden Rowley failed to investigate whether he is serving an expired, ambiguous sentence. *Id*. at p. 11. After Rowley failed to respond to the IGO claim, Plaintiff filed an action for declaratory judgment in the Circuit Court for Baltimore City. He states that counsel for the Department of Public Safety and Correctional Services (DPSCS), Alan Eason, represented to the court that Plaintiff's commitment records would be audited. *Id*. at p. 12. Plaintiff states that the court then granted a "declaratory judgment hearing" on February 13, 2009, but the hearing never took place. He states the denial of that hearing is a violation of his constitutional rights.

To the extent Plaintiff attempts to raise claims concerning the alleged use of force against him, the strip search, and his confinement to segregation, all of which were adjudicated in Civil Action DKC-08-1027, the attempt must fail under principles of *res judicata*. *See Montana v. United States*, 440 U. S. 145, 153 (1979) (final judgment on the merits bars further claims by the parties or their privies based on the same cause of action). Plaintiff appealed this court's decision granting summary judgment in favor of Defendants in that case and the Fourth Circuit Court of Appeals affirmed the decision issued by this court.

To the extent that Plaintiff is seeking to raise a claim of malicious prosecution he has not named a Defendant[2] who was involved in the criminal case,[3] nor has he alleged that the criminal charges against him were pursued for malicious purposes, only that the complaining witness changed the wording of his statement. The claim shall be dismissed without prejudice.

Plaintiff's claim regarding the failure to provide a hearing on a pending state court matter must also be dismissed. This court has no jurisdiction to issue a writ of mandamus commanding a state court to entertain a motion or schedule a hearing. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); s*ee also* 28 U.S.C. § 1361. Additionally, this court may not adjudicate the merits of a claim currently pending before the state court. *See Trainor v. Hernandez*, 431 U.S. 434 (1977) (expanding abstention rule announced in *Younger v. Harris*, 401 U.S. 37 (1971) to civil proceedings).

Whether Plaintiff intended to raise another claim, such claim is not readily discernible from the pleadings presented. Thus, by separate order which follows, the Complaint as amended

---

[2] Plaintiff names as Defendants in the Amended Complaint Virginia A. Burkhaeart, Kathleen Green, Michael King, Walter Holmes, Dennis Johnson, Donald Gallager, D. Barnes, Paul Ziolkowski, Dr. Sharon Baucom, Dr. Aster Berhane, Maryam Messforosh, J. Murray, Kathy Shaffer, and Nurse Carter. ECF No. 3.

[3] To assert a malicious prosecution claim under Maryland law, Plaintiff must establish that: Defendant instituted a criminal proceeding against him; the criminal proceeding was resolved in Plaintiff's favor; Defendant did not have probable cause to institute the proceeding; and Defendant acted with malice. *See Okwa v. Harper*, 360 Md. 161, 183, 757 A. 2d 118, 130 (2000); *see also Marshall v. Odom*, 156 F. Supp. 2d 525, 532 (D. Md. 2001).

will be dismissed without prejudice. In light of the dismissal, the Motion for Appointment of Counsel shall be denied.

Date:   June 6, 2011                                     /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge